IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                    Civil Case No. 12-4071-SAC
                                      Criminal Case No. 00-40024-03-SAC

TIMOTHY J. CLINE,

    Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court once again on a post-conviction motion of the defendant Timothy J. Cline. (Dk. 2132). The defendant argues that his conviction and sentence should be set aside on the retroactive application of *DePierre v. United* States, 131 S. Ct. 2225 (June 9, 2011), and that his 28 U.S.C. § 2255 motion is timely under § 2255(f)(3) in that it asserts a right "initially recognized" by *DePierre* and "made retroactively applicable to cases on collateral review." The defendant's motion is devoid of any legal or factual merit.

    In order to file a second or successive § 2255 motion in the district court, the movant must obtain prior authorization from the Tenth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). Because the defendant did not seek prior authorization from the Tenth Circuit before filing his latest § 2255 motion, the district court either "may transfer the matter to . . . [the Tenth Circuit] if it

determines it is in the interest of justice to do so under [28 U.S.C. § 1631], or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). In exercising this discretion, the court considers such factors as whether "the claims are likely to have merit, . . . [whether] the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (internal quotation marks and citations omitted). With regards to the defendant/movant in the instant case, the Tenth Circuit already has observed: "In Mr. Cline's case, courts have repeatedly explained to him the statutory authorization requirements of §§ 2255(h) and 2244(b) . . . ." *Id.* at 1252.

Because the defendant's most recent § 2255 filing is frivolous, the court will dismiss the motion for lack of jurisdiction instead of transferring it. The Supreme Court's decision in *DePierre* does not come with the narrow terms of § 2255(h)(2), as it did not establish "a new rule of constitutional law," nor did it make any such rule "retroactive to cases on collateral review." The Court in *DePierre* simply held that "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form." 131 S. Ct. at 2237. The defendant offers no plausible argument for how *DePierre* deals with any issues or creates any rules bearing on the

2

constitutional requirements for drug identity and quantity findings necessary for conviction or sentencing. *See Arnold v. Ask-Carlson*, 2012 WL 1309190 at *2 (W.D. La.), *adopted by*, 2012 WL 1309185 (W.D. La. 2012). *DePierre* "has not been recognized or declared a retroactively applicable Supreme Court decision." *Wilson v. United States*, 2011 WL 6308907 at *3 (W.D. La. ), *adopted by*, 2011 WL 6308440 (W.D. La. 2011); *see United States v. Crump*, 2012 WL 604140 at *2 (W.D. Va. 2012). Even if *DePierre* cleared the § 2255(h)(2) hurdle, it has no application to the defendant's case. "The defendant offers nothing to suggest that the definition of "cocaine base" settled in *DePierre* would have any bearing on any factual or legal issues in his case." *United States v. Sharkey*, 2011 WL 3611460 at *2 (D. Kan. Aug. 17, 2011). Shown to be frivolous, the defendant's motion is not transferred to the Tenth Circuit pursuant to 28 U.S.C. § 1631 for a certification decision under § 2255(h), but it is dismissed for lack of jurisdiction.

IT IS THEREFORE ORDERED that because the defendant's motion (Dk. 2131) is an unauthorized second or successive § 2255 motion, the motion is dismissed for lack of jurisdiction.

Dated this 25th day of June, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge